# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STACIE L. ERWIN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0482** (BOR Appeal No. 2050043)
                    (Claim No. 950029078)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CHARLESTON LINCOLN MERCURY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stacie L. Erwin, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2015, in which the Board affirmed a November 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 26, 2014, decision to deny a request for a custom back brace. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Erwin, a sales person, was driving a car for Charleston Lincoln Mercury, Inc., on December 28, 1994, when she was rear-ended. She injured her neck, back, and right knee. In a May 6, 2013, independent medical evaluation Mohammed Ranavaya, M.D., indicated that it was difficult for him to make a specific diagnosis given the lack of objective findings on his examination and the lack of pathology on Ms. Erwin's imaging studies. He noted that the most striking aspect of this claim was the amount of treatment she received with very little evidence of objective findings or pathology. Dr. Ranavaya recommended no further treatment for the compensable injury.

In January 14, 2014, office notes, Christopher Kim, M.D., assessed a sprained lumbosacral joint, causalgia of the lower limb, and reflex sympathetic dystrophy of the upper limb. Ms. Erwin was instructed to continue her current medications, home exercise program, ice, and heat. She was to return if the condition worsened. The notes indicated Ms. Erwin was also fitted for a custom back brace to stabilize the spine and improve posture. Dr. Kim requested that the brace be authorized under this claim.

On March 25, 2014, a review report was issued by Mohammed Fahim, M.D., Ph.D., in which he diagnosed a sprain and strain of the lumbosacral spine. He opined that the request for a custom fit back brace was not appropriate, medically necessary, or supported by West Virginia law. Dr. Fahim reported that Ms. Erwin's sprain does not meet the criteria for a back brace. On March 26, 2014, the claims administrator denied the request for a custom fit back brace.

The Office of Judges affirmed the claims administrator's decision on November 14, 2014, because it determined that Ms. Erwin failed to establish that the request for a back brace was medically related and reasonably required to treat her compensable lumbosacral sprain. Dr. Kim felt the custom fit back brace was required to stabilize the spine and improve posture. However, the Office of Judges also noted that Dr. Kim recognized that she had a history of degenerative disc disease. The Office of Judges found that Ms. Erwin's injury occurred over twenty years ago. Dr. Ranavaya opined that sprain symptoms would not be expected to last more than a matter of weeks after the incident. Dr. Ranavaya also found that there was no indication for further treatment as it pertained to the compensable injury. The Office of Judges concluded that Dr. Ranavaya's opinion was in agreement with West Virginia Code of State Rules §§ 85-20-35.5 and 85-20-37.5 (2006), which provides that the duration of care for a sprain should not exceed eight weeks. The Office of Judges found that Dr. Ranavaya's opinion, which related Ms. Erwin's tenderness in the sacroiliac region to degenerative changes, was more feasible than the symptoms resulting from a twenty-year-old sprain injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on April 23, 2015.

After review, we agree with the conclusions of the Office of Judges and Board of Review. The compensable injury was a lumbar spine sprain. Pursuant to West Virginia Code § 85-20-37.5, the estimated duration of care is zero to four weeks and is not to exceed eight weeks. This injury is over two decades old. Furthermore, the evidence of record tended to show that Ms. Erwin's need for the brace was related to her degenerative disc disease as opposed to her compensable sprain. The reports of Dr. Ranavaya and Dr. Faheem, the medical evidence, and Dr. Kim's own admissions support the conclusions of the Office of Judges and Board of Review.

2

Because Ms. Erwin failed to prove that her current treatment request was related to her compensable injury, it was not in error for the Office of Judges and Board of Review to deny it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 14, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II